UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO
Honorable Howard R. Tallman

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| SYMKA, INC., | ) | Case No. 11-32598 HRT |
| | ) | |
| Debtor. | ) | Chapter 7 |
| | ) | |

## ORDER DENYING MOTION FOR ORDER TO SHOW CAUSE

This case comes before the Court on *Debtor's Motion to Show Cause* (docket #130) (the "Motion").

Debtor seeks an order, directed to the chapter 7 trustee (the "Trustee"), to show cause

> as to why the Bankruptcy Trustee did not recover equipment, which had a buyer
> and accounts receivable from insurance companies in an amount of several
> hundred thousand dollars and beached his fiduciary responsibility to the court, the
> Estate and the Debtor.

Debtor's Motion to Show Cause, ¶1.

A.  Applications from Private Litigants for Orders to Show Cause Are Disfavored by this Court

The Court frequently issues orders to show cause. Typically, these are intended to prompt compliance with Court orders or Court procedures.

It is a different matter where a private litigant seeks the Court's entry of an order to show cause for purposes that are unrelated to enforcement of Court rules or orders. In effect, such a litigant seeks the Court's endorsement of relief against another private party, on an *ex parte* basis, before the merits of that relief have been subjected to due process. Such orders create an appearance of impropriety. They create the appearance that the Court has evaluated allegations made by the applicant – without an opportunity for input from the other party – and adopts the applicant's position that a basis exists to require the target of the order to appear and explain himself to the Court.

At least partially for the above reasons, a motion for an order to show cause is not a form of pleading that is recognized by the Federal Rules of Civil Procedure. *See* FED. R. CIV. P. 7. In the case of *Application of Tracy*, 106 F.2d 96 (2nd Cir. 1939), a member of the appellate panel gave voice to similar concerns in a concurring opinion:

> An unnecessary appearance of irregularity was given the proceedings below by the
> fact that formal orders to show cause, signed by a judge, were procured, whereas

ORDER DENYING MOTION FOR ORDER TO SHOW CAUSE
Case No. 11-32598 HRT

>simple notices of motions would have been preferable. The new Federal Rules of
>Civil Procedure attempt to limit to a minimum these unnecessary formalities
>which take up the time of judges and add nothing of value to the proceedings.

*Id*. at 98 (Clark, concurring). *See also U.S. S.E.C. v. Hyatt*, 621 F.3d 687, 695-96 (7th Cir. 2010) ("The Federal Rules of Civil Procedure declined to incorporate this burdensome procedure into the modern procedural code.").

Also of concern is that, where the dispute is between private litigants, a court's entry of an order to show cause has the effect of shifting the burden of going forward from the applicant to the target of the show cause order. *See, e.g., In re Estrada's Market*, 222 F. Supp. 253, 255 (S.D. Cal. 1963) (where the referee in bankruptcy granted the trustee's petition for an order, directed to the IRS, to appear and show cause in support of its proof of claim, that process made it "possible for the Trustee, by the simple use of an order to show cause, to shift back upon the claimant the burden of going forward with evidence to sustain his claim . . ." contrary to the Supreme Court's holding that a proof of claim is *prima facie* evidence of the claim that shifts to the objector the burden to come forward with evidence to rebut the claim) (citing *Whitney v. Dresser*, 200 U.S. 532, 535-36 (1906)).

The Court does not suggest that a motion for an order to show cause is *per se* impermissible. But, because the entry of an order to show cause is an official act of the Court, it is most appropriately used to compel compliance with Court orders or procedures. Where a party seeks to vindicate a private right, it will rarely be appropriate for the Court to insert itself into a private dispute at a preliminary stage by issuing an order to show cause on an *ex parte* basis. In those cases, due process is far better served by filing a motion or adversary complaint and following the well established procedures under the Bankruptcy Rules for prosecuting contested matters and adversary proceedings.

The Court will typically construe a procedurally inappropriate filing in a manner that allows the Court to address the merits without offending due process. It is not the Court's practice to elevate form over substance for the sake of form alone. Here, the Court finds that the Debtor's one page two paragraph Motion is substantively deficient as well. Under the circumstances, the Court will not entertain the Debtor's Motion and it will be denied.

B. The Debtor's Motion Alleges No Basis for Standing to Seek Relief with Respect to Estate Administration

The Debtor has made no allegations to support its standing to seek relief with respect to the Trustee's administration of the estate.

>It is a long-standing principle of bankruptcy administration that where all claims of
>creditors will not be paid and there will be no surplus to the debtor, there is no

ORDER DENYING MOTION FOR ORDER TO SHOW CAUSE
Case No. 11-32598 HRT

>standing to object to the administration for lack of any pecuniary interest in the liquidation of assets and distributions to creditors.

*In re Creditors Service Corp.*, 206 B.R. 174, 176 (Bankr. S.D. Ohio 1997).

According to the Debtor's schedules, on the filing date, it estimated the value of its assets to be $688,107.20 and its liabilities to be $807,177.15. In addition to reviewing the Debtor's schedules, the Court has reviewed the claims actually filed in this case and they far exceed the Debtor's estimate of its liabilities. Even if the Trustee were to realize the Debtor's full estimate of the value of its assets, the estate could not satisfy the Debtor's reported liabilities, let alone the claims actually filed, and return surplus funds to the Debtor. As a consequence, the information in the Court's docket provides no support for the Debtor's standing to challenge the Trustee's administration of the estate because there is no indication that the Debtor has a pecuniary interest in the estate.

C. The Debtor's Complaint is Premature

The Debtor's complaint is premature for two reasons. First, a party who has concerns about estate administration can always voice those concerns to the United States Trustee. Under statute,

>Each United States trustee, within the region for which such United States trustee is appointed, shall–
>>(1) establish, maintain, and supervise a panel of private trustees that are eligible and available to serve as trustees in cases under chapter 7 of title 11; [and]
>> . . .
>>(3) supervise the administration of cases and trustees in cases under chapter 7, 11, 12, 13, or 15 of title 11 . . ..

28 U.S.C. § 586. Thus, because the United States Trustee has supervisory authority over case trustees and case administration, any concerns about a chapter 7 trustee's administration of an estate should in the first instance be directed to the United States Trustee.

Also, the Court's docket shows that the Trustee has not completed administration of the estate. The case is open and assets continue to be administered.

The plaintiff and a third party defendant, in litigation that was initiated against the Debtor in Alaska prior to the petition date, moved for abandonment of the Debtor's claims against them. The Trustee negotiated a settlement of those claims. He moved for approval of that settlement, (docket #112), and he served notice of the settlement on all interested parties. (docket #114). Neither the Debtor nor any other party objected.

ORDER DENYING MOTION FOR ORDER TO SHOW CAUSE
Case No. 11-32598 HRT

The Trustee exposed the Debtor's equipment and inventory to the marketplace at a public auction. He moved for approval of the intended sale, (docket #118), and served notice on all interested parties. (docket #121). Neither the Debtor nor any other party objected.

The Trustee recently engaged the services of an accountant "to provide expertise in the preparation of the final billings and accountings, including accounts receivable billings . . . ." (docket #125, ¶1). It is apparent, from the Court's docket, that the Trustee has not concluded his administration of the Debtor's estate and continues to pursue liquidation of assets.

Even if the Debtor could establish standing to complain that it has been harmed by the Trustee's administration of the estate, it seems premature to assert such a complaint while the Trustee is still engaged in the process of estate administration.

D.  The Court's Denial of the Debtor's Motion Is Without Prejudice on the Merits

The Court denies the Debtor's Motion on procedural grounds. In addition, the Motion lacks of any allegation establishing the Debtor's standing to seek relief against the Trustee on account of his administration of the Debtor's estate. Nor does the docket reveal facts that would lead the Court to believe such standing exists. Moreover, the vague and conclusory allegations that appear in the Debtor's Motion, even if presented in a procedurally appropriate manner, fall far short of stating a cause of action for breach of fiduciary duty.

Nonetheless, this denial of the Debtor's Motion does not represent an adjudication of the merits of the claims asserted. Nor does it prejudice the rights of any party with requisite standing to advance similar claims in an procedurally appropriate civil action.

Therefore, it is

**ORDERED** that *Debtor's Motion to Show Cause* (docket #130) is DENIED.

Dated this ___17th___ day of October, 2014.

BY THE COURT:

Howard R. Tallman, Judge
United States Bankruptcy Court